IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TV TOKYO CORPORATION,<br><br>                  Plaintiff,<br>  v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO,<br><br>                  Defendant. | Case No.: 1:24−cv−02710<br><br>Honorable John J. Tharp, Jr. |

**DEFENDANT DLSEEGO'S (DEFENDANT #69) OPPOSITION TO PLAINTIFF TV TOKYO CORPORATION MOTION FOR A PRELIMINARY INJUNCTION**

Defendant DLseego (Defendant #69) ("Defendant") hereby files this opposition to Defendant's motion for a Preliminary Injunction (Dkt. No. 37, 38). In opposition to Plaintiff's motion, Defendant states as follows:

**I.     INTRODUCTION**

Plaintiff TV Tokyo Corporation's ("Plaintiff") preliminary injunction should be denied because Plaintiff will not suffer an irreparable harm without the injunction, there is an adequate remedy at law, and Plaintiff does not have a reasonable likelihood of success on the merits. Defendant does not use any NARUTO trademarks, and Plaintiff has failed to identify anything that infringes on its copyright.

Defendant sells their own DLseego manufactured and branded Nintendo Switch Protective covers. It does not use the asserted NARUTO marks anywhere in the description of the product that could induce a likelihood of confusion. Further, Defendant does not infringe the NARUTO copyrights as plaintiff has failed to identify any elements in the

1

copyrights which Defendant's product infringes. Further, Defendant's products contain spiky haired characters, ninja motifs, and other basic design elements that are common across anime.

In addition, to the extent the Court grants the preliminary injunction, the amount of assets retrained is excessive. The temporary restraining order has frozen DLseego's account with approximately $19,910 in assets, whereas DLseego only has a few sales totaling approximately $2,000. Any asset restraint should more accurately address the extremely low volume of sales at issue.

## II.  STATUS OF THE CASE

Plaintiff filed its Complaint on April 4, 2024, alleging that Defendant committed trademark infringement, counterfeiting, and false designation of origin, and on April 4, 2024, filed a Motion for Entry for a Temporary Restraining Order, which the Court granted. (Dkt. Nos. 1, 11-20, 25, 26).

Plaintiff then filed its motion for preliminary injunction on May 7, 2024 (Dkt. Nos. 37-39). The Court entered a schedule stating that any response to the motion for a preliminary injunction is due by May 14, 2024. (Dkt. No. 42)

## III.  STATEMENT OF THE LAW

"[A] preliminary injunction is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it." *Valencia v. City of Springfield*, 883 F.3d 959, 965 (7th Cir. 2018). Plaintiff is not entitled to a preliminary injunction unless it establishes that "(1) absent a preliminary injunction, it will suffer irreparable harm in the interim period prior to final resolution of its claims; (2) traditional legal remedies would be inadequate; and (3) its claim has some likelihood of succeeding on the merits" *Id.* If it cannot clearly establish each of these

threshold requirements, the injunction must be denied. *Id.* at 966. "To establish copyright infringement, a plaintiff must prove two elements: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *JCW Invs., Inc. v. Novelty, Inc.,* 482 F.3d 910, 914 (7th Cir. 2007).

**IV.     ARGUMENT**

There is no likelihood of success on the merits because there is no likelihood of confusion. DLseego identifies their own brand of Anime Switch Protective Case, without using Plaintiff's marks, does not commit copyright infringement, and Plaintiff has not suffered irreparable harm and traditional legal remedies are adequate.

    **A.     Likelihood of Success on the Merits**

        **1.     There is No Likelihood of Confusion and Therefore No Trademark Infringement**

Likelihood of confusion in this circuit uses the following seven factors: (1) the similarity between the marks in appearance and suggestion; (2) the similarity of the products; (3) the area and manner of concurrent use; (4) the degree of care likely to be exercised by consumers; (5) the strength of the plaintiff's mark; (6) any evidence of actual confusion; and (7) the intent of the defendant to "palm off" his product as that of another. "No single factor is dispositive, but we have said that three are especially important: the similarity of the marks, the intent of the defendant, and evidence of actual confusion." *Sorensen v. WD-40 Co.*, 792 F.3d 712, 726 (7th Cir. 2015).

There is no similarity between the marks. Plaintiff has not shown any product packaging or evidence to show that Defendant is using Plaintiff's marks. Defendant sells its Nintendo Switch cover as an DLseego Anime Switch Protective Case branded and manufactured by DLseego. (Ex. A at 1, 4). In the product title, the brand is identified as DLseego, in the product information, the manufacturer and brand are both identified as DLseego, and there is no similarity between

3

DLseego and Plaintiff's marks. (*Id.* at 1, 4). The Naruto marks are not used in any marketing of the product. (*See id.*). This factor weighs in Defendant's favor.

There is also no intent by Defendant. Defendant does not sell Plaintiff's products, does not attempt to claim that it is selling Plaintiff's products, and does not use Plaintiff's trademarks. Everywhere a reasonable consumer would look for brand information, they are informed that the product is manufactured and branded as a DLseego product. This factor also weighs in Defendant's favor.

Finally, there is no evidence of actual confusion. Plaintiff did not allege in its motion that there was any evidence of actual confusion, because if there was it would have been front and center. Plaintiff's complaint alleges Defendant's unauthorized use of Plaintiff's marks is causing confusion, but it does not support that allegation with evidence. (Dkt. No. 1 at ¶ 29- 34). Plaintiff points out that "actual confusion can be inferred because Defendants are selling counterfeit NARUTO Products in connection with the NARUTO Trademarks." (Dkt. No. 12 at 17). However, Defendant is not attempting to palm off its goods as Plaintiff's products and is not using Defendant's trademarks. Defendant consistently identifies its product as a DLseego product, manufactured and branded as DLseego, and there is no attempt or effort to "palm off" its DLseego products as Plaintiff's trademarked products. Therefore, there is no likelihood of confusion as to the source of the tangible good sold in the marketplace.

      **2.     There is No Copyright Infringement as Plaintiff has failed to Specify What Defendant Infringes and Defendants use General Design Elements**

"To establish copyright infringement, a plaintiff must prove two elements: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *JCW Invs., Inc. v. Novelty, Inc.,* 482 F.3d 910, 914 (7th Cir. 2007). At this time, Defendant is not challenging the ownership of the copyrights but challenges the allegation of copying.

4

Plaintiff's complaint contains allegations of copyright infringement of three registrations, PA0002277887, PA0002276002, and PA0002431062, and includes those in its Exhibit 2, which contains over 100 pages of random screenshots with random arrows and boxes and other shapes specifying different elements. (Dkt. No. 1-2) "Courts have implied a requirement that the complaint identify the allegedly infringed work from the elements of copyright infringement." *Energy Intelligence Grp. v. Exelon Generation Co.*, Case No.: 20-cv-3983, at *5 (N.D. Ill. Apr. 21, 2021) (internal citations omitted). "The complaint must identify the allegedly infringed work to the extent necessary to plead the two elements of copyright infringement" *Id.* "But a list of copyrighted works by itself leaves to speculation which, if any, works the defendant allegedly copied." *Id.*

While Plaintiff lists three registrations, it fails to identify what is the work that is being infringed. For example, there are two things identified on page three of Exhibit 2, but no identification of what they are. Plaintiff does not indicate if these are the works at issue. Further in the Exhibit on page five, there are boxing around a symbol, but it is unclear if those are the works that Plaintiff contends Defendant is infringing. Page 25 has names of characters and a box around a character's eye. But all this fails to inform defendant which work is allegedly being infringed by Defendant. Thus, failure to specifically allege infringement of a specific portion of the work means there cannot be a likelihood of success in finding copyright infringement.

Defendant's accused product contains elements that are common to anime, and ninjas from popular culture. The characters on the front of the cover both have spiky hair, a common feature in anime characters. (*e.g.*, https://in.coedo.com.vn/generic-anime-character-pxnkt8g5/). On the back there are many other characters with spiky hair. The character on the bottom right of the front side of the accused product has a long flowing ribbon or headband, something that is also

commonly associated with ninjas in popular culture. These similarities do not indicate that there was copying of elements from the original work, merely that both artists were drawn to ninjas and anime characters.

### B. Plaintiff Did Not Suffer Irreparable Harm.

The Seventh Circuit has not formally ended the presumption of irreparable harm in trademark infringement cases. However, in patent and copyright infringement cases, the Seventh Circuit has ended the presumption, and "[m]oreover, other circuits have held that *eBay* applies in the context of trademarks. *See*, *e.g.*, *Flava Works, Inc. v. Gunter*, 689 F.3d 754, 755 (7th Cir. 2012), *Herb Reed Enters., LLC v. Fla. Entm't Mgmt., Inc.*, 736 F.3d 1239, 1249 (9th Cir. 2013); *Audi AG v. D'Amato*, 469 F.3d 534, 550 (6th Cir. 2006). *Ill. Tamale Co. v. El-Greg, Inc.*, No. 16 C 5387, at *46-47 (N.D. Ill. Sep. 13, 2019). Defendant is not using Plaintiff's trademark so the only issue is copyright infringement, which means that there is no presumption of irreparable harm.

Furthermore, Plaintiff has not been irreparably harmed. Plaintiff claimed irreparable harm based on an injury of goodwill and brand confidence caused by the "high probability of confusion." (Dkt. No. 12 at 19-20). As set forth in the preceding section, there is no probability of confusion. Defendant does not sell counterfeit NARUTO products or use NARUTO trademarks; they sell DLseego branded products. Thus, there is no likelihood of confusion, and therefore there can be no irreparable harm.

Plaintiff also argues loss of future sales but does not support that with evidence as to this Defendant. *Id.* Additionally, even if Plaintiff could prove loss of future sales, it would still not constitute an irreparable harm ("[Plaintiff's] losses are "purely financial, easily measured, and readily compensated." . . . Damages could make it whole, so there is no need for a preliminary injunction. *See D.U. v. Rhoades*, 825 F.3d 331, 339 (7th Cir. 2016) ("Because money damages

6

could make D.U. whole again should she prevail in her lawsuit, she does not meet the standard for irreparable harm.") *CF Entm't, Inc. v. Nielsen Co.*, No. 20-cv-2393, at *27-28 (N.D. Ill. July 10, 2020). If Plaintiff had suffered losses, then it would be able to prove them and they would be calculable, not an irreparable harm.

Finally, Plaintiff argues that it has suffered damage to the goodwill and reputation of its brand. (Dkt. No. 12 at 19-20). Plaintiff does not identify which of the many defendants specifically caused such harm, rather it lumps in noninfringers of the "Naruto" marks and copyrights with infringers and counterfeiters. "To clear the irreparable harm hurdle, '[t]he moving party must demonstrate that he will *likely* suffer irreparable harm absent obtaining preliminary injunctive relief.'" *Whitaker By Whitaker v. Kenosha Unified Sch. Dist. No. 1 Bd. of Educ.*, 858 F.3d 1034, 1044 (7th Cir. 2017)" *Ligtel Commc'ns, Inc. v. Baicells Techs.*, 455 F. Supp. 3d 792, 809 (N.D. Ind. 2020). Here, there is no showing of harm due to the fair use of the mark.

### C. Asset Restraint Should Be Limited to the Amount that Could be Recovered as Profits.

If the preliminary injunction stands, the asset restraint should be reduced to the amount that could be recovered as profits through equitable accounting. "[A] federal court has no power to enjoin a defendant's use of its property 'pending adjudication of [plaintiff's] claim for money damages.'" *Grupo Mexicano de Desparrollo, SA v. Alliance Bond Fund, Inc.,* 527 U.S. 308, 333 (1999) *Guarantee Trust Life Ins. Co. v. Am. Med. & Life Ins. Co.*, No. 10 C 2125, at *3 (N.D. Ill. May 5, 2014), "a district court has 'no authority to issue a preliminary injunction preventing [a party] from disposing of [its] assets pending adjudication of [the opposing party's] claim for money damages.'" *GemShares LLC v. Lipton*, No. 17 C 6221, at *11 (N.D. Ill. Jan. 2, 2020). Prejudgment asset restraints are thus limited to cases seeking the equitable remedy of an accounting for profits.

To exempt assets from an asset freeze, "[t]he burden is on the party seeking relief to present

7

documentary proof that particular assets [are] not the proceeds of counterfeiting activities." *Monster Energy Co. v. Wensheng*, 136 F. Supp. 3d 897, 910 (N.D. Ill. 2015) (internal citations omitted).

DLseego sold approximately $2,000 of the accused product. Presently, DLseego has approximately $19,910 restrained, which is almost 10 times the sales. The profits are substantially less than the $2,000 in sales. Only a small fraction of the assets frozen are a result of sales of the accused products. This disproportionate restraint warrants an exemption of assets from the asset freeze to be more narrowly tailored to any actual damages. Furthermore, Plaintiff is not entitled to statutory damages or attorneys fees for products that were sold prior to the Effective Date of the Registrations because the registrations were not made within three months after the first publication of work. 17 U.S.C. §412.

There is no basis for freezing the total amount in Defendant's account, therefore, Defendant requests that any restraint be reduced to the amount of sales of the allegedly infringing products.

## **CONCLUSION**

For the reasons discussed above, Defendant DLseego respectfully request the Court to deny Plaintiff's preliminary injunction, or alternatively reduce the amount restrained in the Defendant's Amazon Accounts.

May 14, 2024 Respectfully Submitted,

  */s/ Steven G. Kalberg*
David R. Bennett
Steven G. Kalberg
Direction IP Law
P.O. Box 14184
Chicago, IL 60614-0184
(312) 291-1667
dbennett@directionip.com
skalberg@directionip.com

*Attorneys for Plaintiff DLseego (Defendant #69)*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 14, 2024, I electronically filed the above documents with the Clerk of Court using CM/ECF which will send electronic notification of such filings to all registered counsel.

*/s/ Steven G. Kalberg*
Steven G. Kalberg